HARVEY R. FORD *vs.* SAM SHAPIRO.
SAME *vs.* ABRAHAM ZELIG.

Essex.   November 2, 3, 1910. — November 22, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Bills and Notes*, Consideration, Validity.  *Evidence*, Competency.

At the trial before a judge sitting without a jury of an action by the payee against an accommodation indorser of a negotiable promissory note, the defendant contended that the indorsement was illegal and void because it was procured by an abuse of criminal process and was given for the purpose of suppressing the prosecution of a crime. There was evidence tending to show that the plaintiff had given into the hands of a collection agency for collection a claim against a

certain person for the amount of the purchase price of shoes, that on the advice of the attorney of the agency a complaint for larceny of the shoes was sworn out against the debtor, and that at the suggestion of the judge who was hearing the complaint that, if the debtor made restitution, he would *nol pros* the case, the debtor signed and the defendant indorsed the note in suit, and the plaintiff signed an acknowledgment of satisfaction, after which the court *nol prossed* the complaint. *Held*, that a finding for the plaintiff was warranted, since the judge might have found that the note was signed by the debtor, indorsed by the defendant and received by the plaintiff merely in settlement of a valid claim against the debtor and without any unlawful agreement having been made or unlawful pressure brought to bear by the plaintiff.

Evidence, offered at the trial of an action by the payee against an accommodation indorser of a negotiable promissory note, tending to show that the defendant was induced to indorse the note for the purpose of compounding a criminal prosecution then pending against the maker, in the absence of evidence tending to show that the plaintiff was responsible for such inducement, is immaterial as against the plaintiff and its exclusion does not harm the defendant.

TWO ACTIONS OF CONTRACT, each upon a promissory note signed by one Holtz and indorsed for accommodation, one note being indorsed by the defendant in the first case and the other by the defendant in the second case. Writs in the Central District Court of Northern Essex and in the Superior Court dated respectively December 17, 1908, and March 12, 1909.

In the Superior Court the cases were heard by *Bell*, J., without a jury. There was evidence tending to show that at one time Holtz had owed the plaintiff the amount of the purchase price of some shoes, that the plaintiff had given the claim to a collection agency to collect, that on the advice of the agency's attorney a complaint was sworn out charging Holtz with larceny, and that after the case had been partially heard, on the intimation of the judge that the case would be *nol prossed* if restitution were made, the attorney for Holtz and the attorney of the collection agency, who was conducting the prosecution, had a conference which resulted in the notes in suit being given and in the plaintiff signing a written acknowledgment of satisfaction. Thereafter the complaint was *nol prossed*.

There was some evidence from which an inference might have been drawn that the prosecution was initiated for the purpose of enforcing collection of the plaintiff's claim against Holtz.

Each of the defendants further offered to testify, as bearing upon the consideration for the giving of the respective notes and also their indorsements, that they knew that Holtz had been arrested and that he was out on bail at the time they indorsed the

notes; that they thought that Holtz would go to jail unless a settlement was made; that Holtz told them at the time they indorsed the notes that if he could get these indorsements it had been arranged that the criminal prosecution would thereby be settled and dropped, but that unless he could get these indorsements he would go to jail; and that the defendants indorsed the notes relying upon the arrangement and for the purpose of settling and compounding the criminal prosecution and saving Holtz from going to jail. There was no evidence that the plaintiff was present at these conversations or that any knowledge of them ever was communicated to him.

At the close of the evidence, the defendant asked the presiding judge to rule and find in each action as follows:

" 1. On all the evidence the plaintiff is not entitled to recover in this action.

" 2. The note upon which this action is brought was given for the purpose of suppressing the prosecution of a crime, and the consideration thereof is illegal and void.

" 3. The note upon which this action is brought was indorsed by the defendant for the purpose of suppressing the prosecution of a crime, and the consideration thereof is illegal and void.

" 4. The note upon which this action is brought was obtained by abuse of criminal process, and the consideration thereof is illegal and void.

" 5. The indorsement of the note upon which this action is brought was obtained by abuse of criminal process, and the consideration thereof is illegal and void."

The presiding judge refused to rule and find as requested, and found for the plaintiff in each action. The defendants alleged exceptions.

*E. S. Abbott*, for the defendants.

*M. A. Cregg*, for the plaintiff.

SHELDON, J. The defendants' argument in support of their requests for instructions rests upon the contention that it appeared at the trial that their indorsements were obtained and given for the suppression of the criminal prosecution which had been instituted against Holtz, and in consequence of the plaintiff's abuse of that criminal process. If the facts had been found to be as they contended, their contention would have been well

founded.   But the judge had a right upon the evidence to find, and it now must be taken that he did find, that Holtz gave the notes, the defendants respectively indorsed them, and the plaintiff received them, merely in settlement of his valid claim against Holtz and without any unlawful agreement having been made or unlawful pressure brought to bear by the plaintiff.   Upon that finding, there was nothing in the transaction to prevent the plaintiff from recovering, and the instructions requested were rightly refused.   *Jennings* v. *Law*, 199 Mass. 124.

The evidence offered and excluded was competent to show that the defendants made their indorsements in consequence of the unlawful inducements held out to them by Holtz; but it did not tend to show that the plaintiff was in any way responsible for those inducements.   It could not have altered the finding of the plaintiff's innocence of any unlawful conduct.   It was not material under what inducements the defendants acted unless the plaintiff was in some way responsible therefor.   *Hudson* v. *Miles*, 185 Mass. 582, 586, 587.   It follows that the defendants were not harmed by the exclusion of the evidence.

The exception taken by the defendant Shapiro as to the demand and notice was waived at the argument.

*Exceptions overruled.*