GORDON AND DILWORTH, INCORPORATED, *vs.* GEORGE H. ABBOTT.

Norfolk.    October 22, 1926. — December 16, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Bond,* To dissolve attachment.    *Practice, Civil,* Findings of fact by trial judge.

An amendment in an action at law, changing the name but not the identity of the defendant, will not discharge from liability a surety on a bond to dissolve an attachment in the action, executed and delivered before the amendment, although the surety had no notice or knowledge of the amendment.

In an action of contract against the surety on a bond to dissolve an attachment which, because it was not filed in court, must be treated as a common law bond, the judge found that the surety had signed the bond with one who represented himself to be, but was not, the person named in the body of the bond as defendant in the original action; that the person who actually signed the bond was known to the surety and actually ran and conducted a store whose goods had been attached; that the actual signer of the bond was the principal on the bond; that the defendant in the original action and the person named in the body of the bond were the same person; that the bond was given to dissolve the attachment in the original action on the property of the person named in the body of the bond; that the defendant did not know the person named in the body of the bond and did not enter into any agreement as surety in his behalf. There was nothing to show that the person who signed the bond had authority to use the name of the defendant in the original action. *Held,* that, upon the assumption that either one of the two inconsistent findings of fact by the judge was true, the defendant was not liable.

CONTRACT, against the surety upon an alleged bond to dissolve an attachment.    Writ in the Municipal Court of Brookline dated April 10, 1924.

Facts found by the judge who heard the action in the Municipal Court are stated in the opinion.    The judge found for the plaintiff and reported the action to the Appellate Division for the Southern District, who ordered the report dismissed.    The defendant appealed.

*C. S. Wing,* for the defendant.

*O. T. Wagner,* for the plaintiff.

SANDERSON, J. This is an action against the surety on a bond to dissolve an attachment, purporting to be executed by one Samuel A. Spanos, as principal, in an action brought by the plaintiff against a defendant described in the writ as "Zasilios A. Stanos of Watertown in the County of Middlesex, doing business under the style of Poulius Bros. and having a usual place of business in Brookline, County of Norfolk." The officer's return on this writ stated that on August 1, 1921, he "attached goods and chattels in store numbered 267 Harvard Street as the property of the within named defendant, Zasilios A. Stanos," and summoned the said defendant to appear and answer by giving him in hand a summons of this writ.

It appears from the findings of fact that, after a keeper had been placed in the store, one William Poulius, who actually ran and conducted it, and who had been known to the defendant many years, having at one time been his tenant, asked the defendant to act as surety on his bond, and then went with the defendant to a master in chancery. The defendant read the bond and seeing the name "Samuel A. Spanos" in the body of it asked who Spanos was, and Poulius replied, "I am Spanos." The trial judge found that the defendant believed when he signed the bond "that said Poulius was the same identical person as Samuel A. Spanos" when in fact they "were different and distinct persons." The bond was executed on August 1, 1921, by Poulius signing the name Samuel A. Spanos and the defendant signing his own name. The judge found that the principal in this agreement was William Poulius; that the bond was given to discharge an attachment against an individual described in the writ as Zasilios A. Spanos (apparently meaning Stanos) of Watertown; and that the defendant in the writ was the same individual described in the bond as Samuel A. Spanos of Brookline.

The bond was accepted by the plaintiff, the defendant not being present at the time. It was not filed in court in the original case and must be treated as a common law bond. *Woogmaster* v. *Cutler*, 252 Mass. 376, 378. The officer's return shows that by order of the plaintiff's attorney the

keeper was removed on the day of the attachment and the property left where and as he found it.

On August 16, 1921, a plea in abatement was filed in the original action by a person calling himself Vasilios A. Spanos, stating that he was served as defendant with a summons in which the defendant was described as "Zasilios A. Stanos"; and on the same day, without waiving this plea, a general appearance and answer were filed. On February 19, 1924, at the time of the trial of the original action, and before the introduction of evidence, the plaintiff notified the trial judge that it wished to amend the writ and declaration, stating in open court the substance of the amendment. The defendant in that action did not object to the proposed amendment and the judge said that he would allow it as of the date of the trial. Two days later an amendment was filed, and allowed as of February 19, 1924, changing the description of the defendant in the writ and declaration so that it would be "Vasilios A. Spanos, otherwise described as Samuel A. Spanos." On February 21, 1924, judgment was entered for the plaintiff in the original action for $218.55 damages and $23.48 costs. This judgment has not been satisfied.

The answer in the present action alleges in part that the bond was given to dissolve an attachment on the property of William Poulius or Samuel A. Spanos, represented to the defendant to be one and the same person, and that judgment was not recovered against William Poulius or Samuel A. Spanos, one and the same person, but against some individual unknown to the defendant and substituted for the original defendant without notice to the defendant.

It appears from the finding of facts in the present action that the defendant never saw the writ in the original action and that he did not consent to and had no knowledge of the amendments which were there made; that he never knew or heard of Zasilios A. Stanos, Vasilios A. Spanos or Samuel A. Spanos, except for the representation of Poulius hereinbefore set forth. The judge found for the plaintiff and reported the action, because of the defendant's objections to the rulings and refusals to rule as requested. The Appellate Division dismissed the report and the defendant appealed from that

decision. The judge refused to give several of the defendant's requests for rulings, one of which was, that upon all the facts the plaintiff is not entitled to recover.

The judge found that the amendment in the original action changing the name did not change the identity of the defendant or alter the situation of the surety. Such an amendment to correct errors does not increase the risk of the defendant on a bond signed by him or relieve him from liability as surety. *Norris* v. *Anderson*, 181 Mass. 308, 314. *Curnow* v. *Goodman*, 244 Mass. 265.

The judge has found that William A. Poulius was the principal in the bond; and that Spanos and Poulius are different persons; but the judge also found that the bond was given to discharge an attachment on the property of Samuel A. Spanos, described in the writ as Zasilios A. Stanos, and that he was the same person described in the bond as Samuel A. Spanos of Brookline. There was but one principal in the bond, and it cannot be true that both Poulius and Spanos, who are different persons, were that principal. The judge also found that the defendant did not know Zasilios A. Stanos, Vasilios A. Spanos or Samuel A. Spanos, one and the same, of Watertown, nor enter into any agreement as surety in his behalf.

If Poulius was principal and the defendant never became surety for Spanos, against whom the judgment was obtained, the judge was not justified in finding for the plaintiff. On the theory that Poulius as principal signed under the name Spanos, by the terms of the bond his liability is dependent upon a judgment being obtained in an action against that principal, and there has been no such judgment and no judgment in which that principal's goods were attached, so far as appears. The liability of a surety or guarantor is to be ascertained from the terms of the written instrument by which his obligation is expressed, construed according to the usual rules of interpretation in the light of the subject matter, the well understood usages of the business, and the relations of the parties to the transaction. Where the words are unambiguous they alone can be examined to determine their meaning. *Prior* v. *Pye*, 164 Mass. 316. *Zeo* v. *Loomis*, 246

Mass. 366.    It was said in *Tapley* v. *Goodsell,* 122 Mass. 176, 182, that a surety on a bond to dissolve an attachment does not stand upon the footing of a stranger to the action.    The very purpose as well as the tenor of his obligation is to secure payment of any judgment that may be recovered against his principal.

If the finding, that Stanos (the defendant in the writ) was the same individual as Spanos named in the bond, is to stand, then Poulius could not be held as principal, because, upon the evidence, the whole of which material to the question raised is reported, it does not appear that he had any authority from Spanos to sign his name to a sealed instrument and he did not represent that he had such authority.    Upon this theory of the case the defendant has signed a bond as surety relying upon Poulius' representation that he was principal when in fact Stanos (the defendant named in the writ) was principal.    The property attached was in a store which Poulius ran and he, as well as the owner, could be found to have had an interest in the removal of a keeper. But these facts would not be enough to authorize Poulius to sign the name Spanos to the bond and bind him as principal. In *Dole Brothers Co.* v. *Cosmopolitan Preserving Co.* 167 Mass. 481, 482, the court, in referring to the undertaking of sureties on a bond, said "Such an instrument is supposed to be signed by the sureties as a contract binding upon the principal as well as upon themselves.    They may be presumed to rely upon the right of the obligee to proceed against the principal, and upon their own right to recover from him under the instrument if they are compelled to pay for his benefit." Assuming that Spanos named in the writ as amended was the Spanos named in the bond, on the facts found the defendant signed as surety a bond by which no principal was bound, and upon that ground would be relieved from liability on the bond.    In that view of the findings, the case is to be distinguished from those in which a principal's misrepresentation to a surety does not affect the surety's obligation to a plaintiff who has no knowledge of the misrepresentation. *Hudson* v. *Miles,* 185 Mass. 582, 586.

It therefore appears that, upon the assumption that either one of the two inconsistent findings of fact is true, the defendant is not liable.

*Order of Appellate Division dismissing report reversed.*