ELLA F. PATCH *vs.* AIMEE S. ROBBINS & others.

Suffolk.   October 19, 1927. — January 4, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Bond,* To dissolve attachment.   *Contract,* Construction, Validity.   *Surety.* *Practice, Civil,* Amendment.

To dissolve an attachment in an action against two defendants, described in the writ and declaration as copartners, they as principals and two others as sureties gave a bond in which they again were described as copartners.   At the trial of the action, there was a finding that one of the defendants was not a partner of the other and judgment was entered for him, and for the plaintiff against the other defendant only.   The plaintiff then brought an action upon the bond against the sureties and against the defendant who had been found not to be a partner and in whose favor judgment in the original action had been entered.   *Held,* that

(1) The final judgment in the original action against one of the defendants was sufficient to establish liability on the bond, if that judgment were not paid;

(2) The mere fact, that the sureties signed the bond in consequence of representations made to them that the defendants in the original action were copartners, in the absence of evidence that the plaintiff

was responsible for such a representation, was not a defence to an action on the bond;

(3) It appearing that the declaration in the original action contained counts based on false representations by the defendants as to certain warranties, the allowance, without notice to the sureties, of a motion to amend that declaration by adding counts setting forth further false representations relating to the same warranties, which the judge in allowing the motion found "related to the same transaction," did not release the sureties from liability;

(4) The allowance in the original action, by consent of the plaintiff, of an amendment to the answer of the defendant for whom judgment afterwards was entered, setting up the defence that he was not a co-partner with the other defendant, did not affect the liability of the sureties.

CONTRACT against Aimee S. Robbins, John A. O'Connell and Abbott S. Pond upon a bond, executed by Maurice J. Cashman and Abbott S. Pond, "co-partners, doing business under the name of Hodgdon, Cashman & Co. as principal and Aimee S. Robbins . . . and John A. O'Connell . . . as sureties," to dissolve an attachment in an action against Cashman and Pond, in the writ and declaration in which they were described as copartners. Writ dated April 30, 1923.

The action was heard by *Macleod*, J., without a jury. Material facts found by the judge are stated in the opinion.

The defendant Robbins asked for and the judge refused to make the following rulings:

"1. Upon all the evidence plaintiff is not entitled to recover against the defendant Robbins.

"2. The plaintiff has never recovered any judgment against Abbott S. Pond and Maurice J. Cashman as co-partners doing business under the name of Hodgdon, Cashman & Co. and therefore the plaintiff cannot recover in this action against defendant Robbins."

"5. Since the trial court in the original action described in the condition of the bond as set forth in . . . [the copy annexed to the record] found that no partnership existed between Abbott S. Pond and Maurice J. Cashman, and since there was no final judgment ever rendered in said original action against Abbott S. Pond and Maurice J. Cashman as copartners, as set forth in the condition of said bond, the

plaintiff cannot in this action recover against this defendant Robbins.

"6. By the express terms of the bond as set forth in . . . [the copy annexed to the record] in plaintiff's declaration, the sureties were liable only for such judgment as might be recovered against the partnership which was set forth and described in the plaintiff's writ and declaration."

"11. The finding of the trial court in the original action as described in the condition of said bond . . . was based on the statements made in the printed circulars referred to in plaintiff's amended declaration.

"12. The bond declared on . . . in plaintiff's declaration was for the purpose of discharging any judgment that might be rendered against the copartnership set forth in said bond as being composed of Abbott S. Pond and Maurice J. Cashman, doing business under the name of Hodgdon, Cashman Co.

"13. The surety Robbins, this defendant, was discharged when after the execution of said bond the plaintiff without notice to her consented to an amendment to defendant Pond's answer which permitted Pond to set up a defence that he was not a partner of the defendant Cashman.

"14. The amendment as referred to in the preceding request constituted a material alteration of the obligations stated in the attachment bond because it permitted a defence to be offered as against the partnership obligation set forth in the plaintiff's original writ and declaration which could not otherwise have been offered by said Pond.

"15. This defendant as surety on the aforesaid bond was released from liability thereon when the trial court in the original action found that there was no copartnership and that the liability was that of the defendant Maurice J. Cashman alone.

"16. The bond declared on . . . in plaintiff's declaration was drawn by the attorneys for the plaintiff and by them presented for execution by the defendant Robbins and the other parties to said bond.

"17. It does not appear that Cashman executed the bond . . . ."

The defendant O'Connell asked for and the judge refused to make the following rulings:

"1. Upon all the evidence plaintiff is not entitled to recover against the defendant O'Connell.

"2. The plaintiff has never recovered any judgment against Abbott S. Pond and Maurice J. Cashman as copartners doing business under the name of Hodgdon, Cashman & Co., and, therefore, the plaintiff cannot recover in this action against the defendant O'Connell."

"5. Since the trial court in the original action described in the condition of the bond . . . found that no partnership existed between Abbott S. Pond and Maurice J. Cashman, and since there was no final judgment ever rendered in said original action against Abbott S. Pond and Maurice J. Cashman as copartners, as set forth in the condition of said bond, the plaintiff cannot in this action recover against this defendant, O'Connell.

"6. By the express terms of the bond as set forth . . . in plaintiff's declaration, the sureties were liable only for such judgment as might be recovered against the partnership which was set forth and described in the plaintiff's writ and declaration."

"10. The finding of the trial court in the original action as described in the condition of said bond . . . was based on the statements made in the printed circulars, referred to in plaintiff's amended declaration.

"11. The bond declared on as set forth . . . in plaintiff's declaration was for the purpose of discharging any judgment that might be rendered against the copartnership set forth in said bond as being composed of Abbott S. Pond and Maurice J. Cashman, doing business under the name of Hodgdon, Cashman & Co.

"12. The surety O'Connell, this defendant, was discharged when after the execution of said bond the plaintiff without notice to said O'Connell, consented to an amendment to defendant Pond's answer which permitted Pond to set up a defence that he was not a partner of the defendant Cashman.

"13. The aforesaid amendment referred to in the twelfth request increased the risk of the surety O'Connell, inasmuch

as it imposed upon him a different or greater liability than that which he assumed in signing the bond."

"15. The plaintiff has failed to prove the execution of the bond in question by all the parties named therein.

"16. Inasmuch as the plaintiff admits having received $6,548.89 from Maurice J. Cashman, then this sum must be deducted from the penal sum of the bond in estimating any damages against the defendants.

"17. The amendment as referred to in the twelfth request constituted a material alteration of the obligations stated in the attachment bond because it permitted a defence to be offered as against the partnership obligation set forth in the plaintiff's original writ and declaration which could not otherwise have been offered by said Pond.

"18. This defendant as surety on the aforesaid bond was released from liability thereon when the trial court in the original action found that there was no copartnership and that the liability was that of the defendant, Maurice J. Cashman, alone.

"19. The bond declared on and set forth . . . in plaintiff's declaration was drawn by the attorneys for the plaintiff and by them presented for execution by the defendant, O'Connell, and the other parties to said bond."

There was a finding for the plaintiff in the penal sum of the bond, $15,000, execution to issue in the sum of $8,272.09, interest and costs. The defendants Robbins and O'Connell alleged exceptions.

*J. F. O'Connell,* for the defendant O'Connell.

*R. T. Parke,* for the defendant Robbins.

*B. E. Eames,* for the plaintiff.

CROSBY, J. This is an action on a bond to dissolve an attachment given in the case of Ella F. Patch *v.* Maurice J. Cashman and others. The bond is joint and several and is signed by Cashman and Pond, copartners, as principals, and by the defendants Robbins and O'Connell as sureties. The original action was brought against the defendants Pond and Cashman to recover the amount paid them by the plaintiff for the purchase of certain stocks, on the ground that the defendants made false representations

to her.   The original declaration alleged certain oral mis-
representations made to the plaintiff by one Annis, an agent
of the defendants.   Afterwards an amendment to the dec-
laration was allowed which added other counts relating to
the same transaction, wherein it was alleged that certain
other misrepresentations were made by means of printed
circulars exhibited by the defendants to the plaintiff.

Before the trial in the original suit, Pond, by consent of
the plaintiff and without notice or knowledge or assent of
the defendants Robbins or O'Connell, filed an amendment
to his answer, in which he set up for the first time that he
was not a partner with Cashman.   The original answer and
the amendment were filed by Pond after the bond had been
executed and delivered.   The trial judge in the original
action found that Pond was not a partner and judgment was
entered in his favor, and against Cashman.

The bond given by Pond and Cashman as principals
described themselves as copartners and Robbins and O'Con-
nell as sureties.   The condition of the bond is as follows:
"Now, therefore, if the said Cashman, Et al shall within
thirty days after the final judgment in the aforesaid action,
pay to the plaintiff therein the amount, if any, which she
shall recover in such action . . . then this obligation shall be
void, otherwise it shall be and remain in full force and virtue."
The terms of the bond do not expressly require that the final
judgment shall be a judgment against all the defendants in
the original action, nor can such a construction be inferred.
The judgment required to be obtained is a final judgment
"in such action."   It follows that a final judgment against
Cashman alone in that action is sufficient to establish liability
against the sureties.

It was said by Colt, J., in *Leonard* v. *Speidel,* 104 Mass.
356, at pages 359 and 360, "The present case does not show,
nor is it perhaps material, what property was attached.
The joint property of all, or of any two of the defendants,
or the separate property of one or more of them, was subject
to attachment.   And it may be that only the property of
the defendants against whom judgment was rendered was
in fact taken.   If the separate property of the defendant

who eventually prevailed was under attachment, and he wished to escape liability upon any judgment which might be had against his codefendants, then in order to dissolve the lien upon his property he should have given a separate bond, to secure only the judgment which might be recovered against him."

*Campbell* v. *Brown*, 121 Mass. 516, was an action on a bond given to dissolve an attachment similar in form to that in the case at bar. In the original action, brought against Brown and Murphy, their joint property was attached. Brown desired the attachment dissolved and gave a bond for that purpose in which Murphy did not join, and the property was delivered to Brown who obtained judgment in his favor, and judgment was obtained against Murphy on default. It was held that Brown was liable on the bond; and it was said at page 519, "By its proper construction, the bond rendered the obligors liable to pay any judgment which the plaintiffs might recover, whether against Brown or Murphy, or both."

The contention of the sureties that they signed the bond as sureties in consequence of the representation made to them that Cashman and Pond were partners, and that, having signed it under a mistake of fact, they cannot be held liable, cannot be sustained. This defence is not open to them as there is no evidence to show that the plaintiff or any one acting for her made any representations to them respecting the partnership. So far as appears neither the plaintiff nor any one representing her had any knowledge as to whether Cashman and Pond were partners, apart from the fact that they were so described in the bond and from Pond's statement made in the plaintiff's presence that he was a partner. It was not material what induced the defendants to sign the bond so long as the plaintiff was not responsible therefor. *Hudson* v. *Miles*, 185 Mass. 582. *Ford* v. *Shapiro*, 207 Mass. 108, 111. *Gordon & Dilworth, Inc.* v. *Abbott*, 258 Mass. 35, 39.

The amendments to the original declaration were allowed without notice to the sureties on the bond. It is the contention of the sureties that such allowance without notice to them introduced a new cause of action, thereby releasing

them from liability.    It is expressly found by the trial judge that the counts in the amendments "related to the same transaction as the one alleged in the original declaration but set up additional representations of fact made by the defendant, particularly by means of certain printed circulars, and the falsity of these representations."    It is manifest that the amendments to the declaration related to the same cause of action for which the suit was originally brought.    G. L. c. 231, § 138.    The sureties were not thereby released. *Smith* v. *Palmer*, 6 Cush. 513.    *Doran* v. *Cohen*, 147 Mass. 342.    *Morton* v. *Shaw*, 190 Mass. 554.    *Savage* v. *Welch*, 246 Mass. 170, 180.    *Weinstein* v. *Miller*, 251 Mass. 503, 506.

The contention of the sureties that they are discharged by reason of the plaintiff's consent to the allowance of the motion of the defendant Pond to amend his answer by alleging specifically that he was not a partner of Cashman is not tenable.    The allegation in the amendment could have been made as a part of the original answer; the amendment did not in any way affect or change the legal liability of the sureties. The nature of the claim upon which the suit was brought imposes no different liability on the sureties than it would impose if the amendment had not been presented or allowed.

In *Dalton* v. *Barnard*, 150 Mass. 473, the original action was brought against two defendants as copartners; a bond was given to dissolve that attachment in which the defendants were described as principals and one Smith as surety. During the pendency of the original action the plaintiff, without notice to or knowledge of the surety, discontinued as to one of the defendants and obtained judgment against the other.    In a suit upon the bond it was held by this court that judgment should be entered for the plaintiff against all of the defendants.    It was said at page 475, "Such discontinuance does not change the identity of the action, and the judgment recovered against only one of the defendants is the same judgment described in the bond.    Nor is the surety injured, for both defendants are principals in the bond and stand between him and harm.    If the surety desired to escape liability for a judgment against only one of the defendants he should have given a bond limited to a

judgment against both. *Poole* v. *Dyer*, 123 Mass. 363. *Campbell* v. *Brown*, 121 Mass. 516. All of the defendants are liable upon the bond." See also *Prior* v. *Pye*, 164 Mass. 316. Decisions which hold that a surety on a bond given to dissolve an attachment is discharged by an amendment, allowed after the bond was given, which joins a new party as a plaintiff or defendant without notice to the surety as provided in G. L. c. 231, § 138, are plainly distinguishable from the case at bar. See *Tucker* v. *White*, 5 Allen, 322; *Mathews Slate Co.* v. *Sweeney*, 219 Mass. 285; *Frank* v. *Millen*, 226 Mass. 71; *Werlin* v. *Equitable Surety Co.* 227 Mass. 157. The decision in *Eveleth* v. *Burnham*, 108 Mass. 374, cited by the defendants, is not pertinent to the facts in the present case.

It follows that the requests of the defendants Robbins and O'Connell which were refused could not properly have been given. The exceptions of the defendants must be overruled and judgment entered for the plaintiff in accordance with the order of the trial judge.

*So ordered.*