### THEODORE RICE *vs.* KATIE ROSENBERG & others.

Suffolk.    October 6, 1931. — December 2, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Bond*, To dissolve attachment, Validity. *Surety*. *Agency*, Existence of relation. *Fraud*. *Evidence*, Competency. *Practice, Civil*, Amendment, Ordering verdict, Exceptions.

At the trial of an action against the surety on a bond given to dissolve an attachment in an action of tort for personal injuries, the defendant admitted that he executed the bond, which was approved by a master in chancery, and it appeared that the plaintiff recovered judgment in a certain sum in the action of tort and that an insurance company insuring the defendant in that action paid a certain portion of the judgment, leaving an unpaid balance of more than the amount of the bond. The defendant testified that he was induced to execute the bond by certain misrepresentations by the principal therein, the defendant in the action of tort, and by another person, but there was no evidence that they were authorized by the plaintiff to make any representations to the defendant surety or that the plaintiff had knowledge thereof. The trial judge ordered a verdict for the plaintiff for the penal sum of the bond. Upon exceptions by the defendant surety, it was *held*, that

(1) Although the execution in the action of tort was not competent evidence, the defendant was not prejudiced by its admission in evidence; and an exception to such admission must be overruled;

(2) There was no error in the exclusion of testimony that the master in chancery did not give to the defendant certain information as to the amount of the attachment to be dissolved, it not appearing that the master in chancery was possessed of such information;

(3) The plaintiff's rights on the bond were not affected by misrepresentations made to the defendant without the plaintiff's knowledge or authority;

(4) The defendant was not relieved of liability on the bond by an amendment to the declaration in the action of tort after the giving of the bond, since it did not appear that a new or different cause of action was substituted by the amendment;

(5) The verdict properly was ordered for the plaintiff.

CONTRACT. Writ dated June 7, 1929.

The action was tried in the Superior Court before *Morton,* J. The plaintiff testified that the amount of the judgment which he recovered in the previous action against Rosenberg was. $11,209.63. Other material evidence is stated in the opinion. The judge ordered a verdict for the plaintiff against the defendants in the sum of $5,300. The defendant Norman alleged exceptions.

*E. M. Dangel,* for the defendant Norman.

*S. Markell,* for the plaintiff.

CROSBY, J. This is an action on a bond to dissolve an attachment. The case is before us on exceptions claimed by Minnie Norman, one of the sureties on the bond, who will hereafter be referred to as the defendant.

The original action was brought by the present plaintiff against the defendant Rosenberg, the principal named in the bond, to recover for personal injuries sustained by him. In that action Rosenberg's property was attached in the sum of $20,000; thereafter, by order of the court, the attachment was reduced to $10,000. Upon agreement of counsel for the plaintiff the attachment was to be released upon the filing of a bond by Rosenberg in the penal sum of $5,000, "in addition to a letter from the Royal Indemnity Insurance Company stating that said insurance company will pay any judgment up to . . . ($5,000) if the same is recovered against the defendant in this action." The insurance company issued to· the defendant Rosenberg an insurance policy indemnifying her against liability in the original action "with limits of $5,000. and $10,000. on said premises. In the event of a recovery in said action, the . . . Company will pay any judgment up to $5,000." The bond to dissolve the attachment was thereafter executed by the defendants in the present action and the bond and the sureties were approved by a master in chancery.

At the conclusion of the evidence in the case before us the trial judge directed the jury to return a verdict for the plaintiff in the sum of $5,300 against all of the defendants; to this direction the defendant excepted. She also excepted

to the refusal of the judge to grant a motion for a directed verdict in her favor.

It is the contention of the defendant that she was induced to execute the bond as a surety by reason of fraud, misrepresentations, and concealment of material facts. She testified that she was a sister-in-law of the principal, who asked her to sign the bond; that the first time she learned she was to be a surety was at the office of the master in chancery, one Sawyer, who was present together with the principal, the other surety and one Greenberg; that the master in chancery told her she was to sign the bond of $5,000 for Mrs. Rosenberg, and she asked how she was to be secured; that Mrs. Rosenberg said: "There is . . . an insurance policy of $5,000 and I am sure . . . that the case would never come up even to four," and Greenberg said, "It is true. It wouldn't come up to that and you can be sure . . . you no lose a cent . . . . Only $5,000 and she is insured. I mean the attachment is $5,000 and the insurance is $5,000 — so there is nothing to be afraid." She further testified that she asked the master in chancery to read the bond before she signed and he did so, and that then she signed it; that Mrs. Rosenberg and Greenberg said, "That it is just a matter of form"; that she asked what the claim was and they said it was for $5,000; that she asked the master in chancery how much the plaintiff claimed and he told her it was $5,000; that she then asked Greenberg and he replied that it was $5,000 "and that is all you are going to sign, and the attachment is $5,000, and the bond is $5,000; that is all . . ."; that he further told her that the whole claim was only $5,000 and "not to be afraid; there is an insurance policy of $5,000; and they will pay, the insurance covered it; the bond was necessary"; that the master in chancery said to her that the bond was necessary and if she didn't sign it Mrs. Rosenberg would lose her property; that Greenberg told her that he represented the plaintiff. The defendant testified that she relied on the foregoing statements and believed them to be true.

The defendant excepted to the admission in evidence of

the execution issued in the original case. It does not appear for what purpose it was admitted. It was not competent if offered to show that the judgment was not satisfied. The amount of the judgment was shown by an attested copy of the docket entries which was attached to the bill of exceptions. The amount of the judgment and the amount paid on it were testified to by the plaintiff. These amounts were not in controversy, and if the execution was improperly admitted the defendant was not harmed thereby. This exception cannot be sustained.

The defendant excepted to the direction of a verdict for the plaintiff against the three defendants in the sum of $5,300. The uncontradicted evidence tended to show that the plaintiff received from the insurance company two payments, one of $5,355.46 and one of $300. The uncontradicted evidence also showed that at least the sum of $5,300 is the unpaid balance of the judgment.

There is no evidence that the master in chancery made any false statements to the defendant. He testified that he drew the bond for $5,000 and that a memorandum for that sum was in the affidavit of the sureties; that he did not know the attachment had been reduced from $20,000 to $10,000 but if he had had such information he would probably have incorporated it in the bond in accordance with his usual custom. It is apparent that in preparing the bond and approving the sureties he relied upon the representations contained in the affidavit of the sureties. He was asked whether he recalled that he told the defendant the attachment was more than $5,000. This question was excluded against objection and subject to exception of the defendant; an offer of proof was then made by the defendant that the answer would be "No." This exception is without merit. It has no tendency to show that the witness either made false representations to the defendant or concealed from her any material fact. There is nothing to show that he had any knowledge of the amount of the attachment when the parties met in his office and signed the bond, except what he obtained from the affidavit of the sureties. Moreover, if he made false statements to the

defendant the plaintiff is not bound thereby. He did not represent the plaintiff and there is no evidence to show that the latter had knowledge of such statements.

As to the testimony of the defendant respecting false representations and concealment of material facts made by Mrs. Rosenberg, it is manifest that no representations made by her without the plaintiff's knowledge could affect his rights. There is no evidence to show that he had such knowledge. It was said in *Hudson* v. *Miles*, 185 Mass. 582, 587, "The obligee's right to hold the surety does not depend on representations made by the principal on his own behalf without knowledge of the obligee." *Patch* v. *Robbins*, 261 Mass. 496, 502.

The defendant also relies upon statements made to her by Greenberg, who was the plaintiff's nephew and in the employ of the plaintiff's attorney. There is no evidence to show that he was authorized by the plaintiff to make any representations to the defendant, nor evidence to show that the plaintiff had knowledge of such representations. Accordingly his rights could not be affected thereby. It is immaterial what induced the defendant to sign the bond so long as the obligee was not responsible therefor. *Pickert* v. *Hair*, 146 Mass. 1, 4, 5. *Hudson* v. *Miles*, 185 Mass. 582. *Patch* v. *Robbins*, 261 Mass. 496, 502. *Scholl* v. *Gilman*, 263 Mass. 295, 299.

The defendant also contends that she is discharged from liability on the bond because in the original action without notice to her a declaration in three counts was substituted for the declaration first filed containing a single count; that the substituted declaration materially changed the cause of action and imposed upon her a greater and different liability than she assumed by signing the bond. The substituted declaration was filed June 6, 1927, while the bond was executed and filed September 2, 1926. The "surety was bound to take that litigation as it was left by the original defendants, principals to the bond, so far as concerns the cause of action pending at the time the bond was given." *Savage* v. *Welch*, 246 Mass. 170, 177. The defendant was not entitled to notice of the filing and allow-

ance of the substitute declaration. An examination of the original declaration and the substitute declaration fails to show that a new or different cause of action was substituted. For the foregoing reasons this contention of the defendant cannot prevail. *Patch* v. *Robbins*, 261 Mass. 496, 503.

As the defendant admitted that she signed the bond, she was liable thereon as matter of law, unless she was induced to sign it by reason of false representations or concealment of material facts of which the plaintiff had knowledge. There was no evidence to warrant a finding that the plaintiff had such knowledge, and no evidence to warrant a finding that she was absolved from liability upon any other ground; the trial judge rightly directed a verdict in favor of the plaintiff. *Parsons* v. *New York, New Haven & Hartford Railroad*, 216 Mass. 269, 273, 274. *Kelly* v. *Halox*, 256 Mass. 5, 9. *Meteor Products Co. Inc.* v. *Société d'Electro-Chemie et d'Electro-Métallurgie*, 263 Mass. 543, 547.

We find no error in the conduct of the trial.

*Exceptions overruled.*