WILLARD P. LOMBARD *vs.* ELIZABETH A. LUFKIN.

Suffolk.    February 3, 1932. — February 4, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Duress. Contract,* Validity.

Duress and coercion exerted by an attorney at law in procuring the signa-
ture of his client to an agreement in writing that the client would pay
to another attorney for the client a specified sum for legal services was
not a defence to an action by such other attorney upon the agreement
if it did not appear that such duress or coercion was with his knowl-
edge or consent or was ratified by him.

CONTRACT. Writ in the Municipal Court of the City of
Boston dated March 13, 1931.

On removal to the Superior Court, the action was tried
before *Morton,* J. There was a verdict for the plaintiff in the
sum of $16,200. The defendant alleged exceptions.

The case was submitted on briefs.

*F. A. Thayer,* for the defendant.

*W. P. Lombard, pro se.*

RUGG, C.J. This is an action of contract to recover a
specified sum for legal services in accordance with a written
agreement. The defendant pleaded in her answer a general

denial and an affirmative equitable defence of duress and coercion on the part of the defendant's attorney other than the plaintiff in procuring her signature to the agreement. The defendant in the course of her testimony was asked whether her other attorney made any threats coercing or otherwise influencing her to sign the agreement. Exception to the exclusion of these inquiries presents the only question. There is no testimony in the record and no offer of proof tending to show that the plaintiff had any knowledge of the alleged duress or coercion. Any such conduct toward the defendant without the plaintiff's knowledge, consent or ratification could not affect his rights. *Rice* v. *Rosenberg,* 277 Mass. 334. There is nothing in the record to indicate that the defendant's signature to the agreement was procured by force. *Fairbanks* v. *Snow,* 145 Mass. 153. Other reasons leading to the same result need not be mentioned.

*Exceptions overruled.*