BENJAMIN WALKER *vs.* GEORGE A. DRESSER & others.

In an action against A. and B., in which the real estate of both was attached, the declaration contained two counts, one against A. as maker of a promissory note, and the other against B. as guarantor thereof. A. and B. answered jointly. B. gave a bond with sureties, to dissolve the attachment of his real estate, reciting such attachment, and conditioned that the obligors should pay to the plaintiff in the action the amount he should recover therein within thirty days after judgment. Judgment was recovered against A., and at another time, for a smaller amount, by agreement, against B.; separate executions were issued and the execution against B. was paid. *Held,* that the failure to pay the execution against A. was no breach of the condition of the bond.

CONTRACT against George A. Dresser, Calvin A. Paige and Andrew J. Bartholomew. The declaration alleged that the plaintiff sued out a writ on September 6, 1870, returnable to the Superior Court, to be held at Fitchburg, in and for the county of Worcester, on the second Monday of November 1870, wherein

George A. Dresser and Moses C. McKinstry were joined as defendants; that upon such writ an attachment was made of all the real estate of Dresser and McKinstry in the county; that the writ was duly entered and the plaintiff filed his declaration, containing two counts, the first against McKinstry, as maker of a promissory note for $449.44, payable to the plaintiff, and the second against Dresser, as guarantor of the note; that Dresser and McKinstry filed a joint answer, denying each and every allegation of said counts; that while the action was pending, the defendants in the present suit executed to the plaintiff a bond, a copy whereof was annexed to the declaration, duly approved by a master in chancery, notice of hearing upon the approval having been waived by the attorneys of the plaintiff, and the bond was filed in the clerk's office of the Superior Court, and related to said action; that at December term of said court McKinstry was defaulted, and on the same day judgment was entered against Dresser, by agreement, for $425 damages, without costs; that judgment was subsequently entered against McKinstry on his default for $522.50 damages, and $81 costs of suit; that separate executions were issued March 25, 1872, on the judgments, and the execution against Dresser paid and satisfied; that the amount paid thereon, to wit, $425, should be and was applied in payment of the execution against McKinstry, leaving due thereon $97.50 as damages, and $81 as costs, and lawful interest; that neither the defendants in the present suit nor either of them paid to the plaintiff the amount by him recovered in said action, within thirty days after the final judgment thereon, but wholly failed so to do; and that the judgment recovered against McKinstry and the execution thereon remained unpaid, except to the extent of $425, as aforesaid.

The bond, a copy of which was annexed, was signed by Dresser, as principal, and Paige and Bartholomew, as sureties, and its condition was as follows: " The condition of this obligation is such that whereas said Benjamin Walker, by virtue of a writ, dated September 6, 1870, and returnable to the Superior Court, next to be holden at Fitchburg, in and for the county of Worcester, on the second Monday of November 1870, caused certain real

estate, the property of said Dresser, to be attached therein : **Now** if said Dresser and Paige and Bartholomew, or either of them, shall pay to said Benjamin Walker, the plaintiff in said action, the amount, if any, that he shall recover therein, within thirty days after the final judgment in said action, then this obligation shall be void, otherwise it shall be and remain in full force and virtue."

The defendants demurred on the ground that the declaration did not state a legal cause of action, "because that under said bond they were liable to pay only such judgment as the plaintiff should recover in the action aforesaid against said Dresser, and such judgment was the limitation of all liability of said Dresser under said bond, which judgment, having been so obtained, has been paid and satisfied, and all liability to the plaintiff has therefore been discharged."

The Superior Court sustained the demurrer ; and the plaintiff appealed.

*P. E. Aldrich & A. J. Bartholomew*, for the defendants.

*F. P. Goulding & H. B. Staples*, for the plaintiff.

MORTON, J. The bond in suit was given to dissolve an attachment of real estate of Dresser made in an action in which he was joined as defendant with McKinstry. There were two counts, one against McKinstry as maker of a promissory note, the other against Dresser as a guarantor.

The causes of action against the two defendants are distinct, and at common law they could not be joined in one action. This is permitted by our statutes. Gen. Sts. c. 129, § 4. But the statute provides for the separate trial of the issues, and that several judgments shall be entered according to the several contracts of the defendants and several executions issued, as the case may require. In all such cases the judgments may be, and in this case they were, for different amounts and rendered at different times. This must be presumed to have been in the contemplation of the parties at the time of signing the bond in suit. The purpose of the bond was to dissolve an attachment of Dresser's property, which could be held only to respond to the liability of Dresser and not of McKinstry. The obligation of the bond is to

pay to "the plaintiff in said action the amount, if any, that he shall recover therein, within thirty days after the final judgment in said action." It speaks of final judgment, and not judgments, and we have no doubt it refers to the judgment against Dresser. Construed in the light of the circumstances of the parties, it seems clear that the purpose of the bond was, that it should stand as security for the liability of Dresser, and that by its proper construction the defendants are liable only for the amount of the judgment recovered against Dresser. As this amount has been paid by Dresser, it follows that the condition of the bond has been performed and that the defendants are not liable.

*Demurrer sustained.*