*L. M. Child*, for the plaintiff.

*J. Bennett*, for the defendant.

---

MALCOLM CAMPBELL & another *vs.* JAMES BROWN, JR. & others.

Suffolk. Nov. 15, 1876. — Jan. 22, 1877. AMES & LORD, JJ., absent.

A & B. were sued as joint owners of a vessel, and the vessel attached as their property. B. gave a bond to dissolve the attachment under the Gen. Sts. c. 123, § 104, in which A. did not join, and the vessel was delivered to B., who obtained judgment in his favor. Judgment was obtained against A. on default. *Held,* that an action would lie on the bond against B. *Held, also,* that it was not necessary to the maintenance of the action on the bond, that execution should have been taken out and a demand made on A. within thirty days after judgment against him.

CONTRACT on a bond dated March 11, 1873, executed by the defendant Brown as principal, and the other defendants as sureties, and reciting that whereas the plaintiffs "have caused the goods and estate of James Brown, Jr., and Daniel Murphy, to the value of one thousand dollars, to be attached on mesne process" in a certain action, "in which writ said Campbell & Brooks are plaintiffs, and the said Brown & Murphy are defendants. And whereas the said defendant wish to dissolve the said attachment according to law. Now, therefore, if the above bounden Brown shall pay to the plaintiff in said action the amount if any which he shall recover therein within thirty days after the final judgment in said action, then the above written obligation shall be null and void, otherwise to remain in full force and virtue." Writ dated June 15, 1875. The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court, on appeal, on an agreed statement of facts in substance as follows :

On February 20, 1873, the plaintiffs brought an action in the Superior Court, the writ returnable to April term 1873, against James Brown, Jr. and Daniel Murphy, for repairs done to the sloop Canton, in February, 1872. Murphy and Brown, at the time the writ was made out, were owners of the vessel, each owning one half thereof. The vessel was attached on the writ as the property of Brown and Murphy; and, for the purpose of releasing the vessel from the attachment, the bond in suit was given by said Brown as principal, and the other defendants as sureties, and, on the execution and delivery of the bond, the vessel was so released from attachment. The action was duly entered, Murphy was defaulted, and Brown appeared and filed an answer, and on March 3, 1875, obtained a judgment in his favor.

On March 5, 1875, the plaintiff recovered judgment against Murphy, on default, for the sum of $578.34 damages, and $24.91 costs ; but no execution has been taken out, or demand made on Murphy for the amount of the judgment, and it has not been satisfied ; and no demand was made on the defendants therefor, except by suing out the writ in this case.

If, on the above facts, the plaintiffs were entitled to recover, judgment was to be entered for the penal sum of the bond, and execution to issue for the sum of $603.25, with costs ; otherwise judgment for the defendants, with costs.

*G. A. Bruce*, for the plaintiffs.

*J. Lathrop*, for the defendants. The judgment in favor of Brown determines that he was neither jointly nor severally liable at the time the bond was given. The condition of the bond must therefore be construed to mean a judgment against Brown. The purpose of the bond was that it should stand as security for the liability of Brown, and by its proper construction the defendants are liable only for the amount of the judgment recovered against him. *Walker* v. *Dresser*, 110 Mass. 350. *Eveleth* v. *Burnham*, 108 Mass. 374.

2. If the bond can be construed as an agreement on Brown's part to pay the judgment recovered against Murphy, as well as that against himself, it is not in conformity with the statutes, and is void. To work a dissolution of the attachment as to Murphy's interest, under Gen. Sts. *c.* 123, § 104, the bond should have been signed by Murphy. It is not a part-owner's bond under the Gen. Sts. *c.* 123, § 87. The condition of such a bond is prescribed by § 88, and is different from that in the one in suit. Nor is it a bond under the St. of 1869, *c.* 436, which is the only statute allowing a bond to be signed by any person other than the party to the suit. Brown was a party, and could not give the bond. If he could, the statute makes it a condition precedent " that it be made to appear to the magistrate so approving that there is good reason why such bond is not signed by the party to the suit or proceeding." The bond, not being warranted by the statutes, did not dissolve this attachment, and is void. *Johnson* v. *Collins*, 117 Mass. 343. *Usher* v. *Pease*, 116 Mass. 440.

Nor can it be regarded as a bond good at common law. The doctrine that a bond, voluntarily given, may be good at common law, applies to cases of official bonds, and not to a case where a man's property is attached ; and it only applies to official bonds when the person signing is placed in no more onerous a position than he would have been in had the bond complied with the statutes. Here, if the bond had been signed by Murphy as well as by Brown, and the latter had paid the bond, he would have a right of action against Murphy. So if the bond had been a part-owner's bond, he would had a right to the possession of the vessel.

3. The plaintiffs should have taken out execution and made a demand on Murphy within thirty days after judgment.

DEVENS, J. The condition of the bond in suit recites an action brought by the plaintiffs against Brown and Murphy, in which their goods and estate are attached to the amount of one thousand dollars, and the wish of the defendant Brown " to dissolve said attachment," and binds him to pay to the plaintiff in said action the amount if any which he shall recover therein. By its proper construction, the bond rendered the obligors liable to pay any judgment which the plaintiffs might recover, whether against Brown or Murphy, or both. No circumstances were shown, indicating that it was intended to be binding only in case of a judgment against the principal giving it, (such as have been found in some other cases,) which could modify the effect of the language used. *Eveleth* v. *Burnham*, 108 Mass. 374. *Walker* v. *Dresser*, 110 Mass. 350. If Brown had desired to release only his own property from attachment, and to escape liability upon any judgment against his co-defendant alone, he should have given a bond to secure only such judgment as might be recovered against himself. *Leonard* v. *Speidel*, 104 Mass. 356.

It is argued that the bond as given is not in conformity with the Gen. Sts. *c.* 123, § 104, as it was not signed by the co-defendant Murphy, that it is not properly a part-owner's bond under the Gen. Sts. *c.* 123, §§ 87, 88, and that it is therefore void. Whether the bond was in strict conformity with either of these statutes, and whether upon its delivery Brown could have demanded the release of the vessel, need not be discussed. Upon the agreed facts it appears that Brown and Murphy owned the vessel together (each owning one half thereof) which was attached in the suit against both, and that, " for the purpose of releasing the vessel from the attachment, the bond in suit was given by said Brown as principal, and the other defendants as sureties, and, on the execution and delivery of the bond, the vessel was so released from attachment." It was a bond given for a lawful purpose, the consideration of which has been received, and the defendants cannot now object that, before Brown was entitled to demand the release of the vessel, something more or additional might have been required from him or his co-defendant. *Mosher* v. *Murphy*, *ante*, 276.

The breach of the bond being complete after the expiration of thirty days from the date of the judgment without payment thereof, no demand was necessary before suit was brought. *Wright* v. *Quirk,* 105 Mass. 44.

*Judgment for plaintiff affirmed.*