GEORGE P. PRIOR & another *vs.* CHARLES PYE & another.

Suffolk.   March 26, 1895. — October 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Bond to Dissolve Attachment.*

In an action against A. and B., the property of B. was attached, and he gave a bond with sureties to dissolve the attachment which bound him to pay the judgment which the plaintiff might recover "in said action."   Afterward, by agreement, "neither party" was entered as between the plaintiff and B., and judgment was recovered against A.   *Held,* that the sureties on B.'s bond were liable.

CONTRACT, on a bond dated August 11, 1892, executed by Henry E. Holbrook as principal and the defendants as sureties, and reciting that whereas the plaintiffs " have caused the goods or estate of the said Henry E. Holbrook . . . to be attached on mesne process " in a certain action " in favor of the said plaintiffs and against the said Henry E. Holbrook and W. C. Holbrook ; . . . and whereas the said Henry E. Holbrook desires to dissolve said attachment according to law, — Now, therefore, if the said Henry E. Holbrook shall, within thirty days after the final judgment in the aforesaid action, pay to the plaintiffs therein the amount, if any, which they shall recover in said action, . . . then this obligation shall be void, otherwise it shall be and remain in full force and virtue." The case was submitted to the Superior Court, and, after judgment for the defendants, to this court on appeal, upon an agreed statement of facts, in substance as follows.

On August 4, 1892, the present plaintiffs brought an action against Henry E. Holbrook and W. C. Holbrook for certain goods which had been furnished and delivered to the latter, and for which the plaintiffs contended the defendants were jointly liable. The property of Henry E. Holbrook only was attached, and in order to release it from attachment the bond in suit was given by him as principal, and the present defendants, Charles Pye and W. H. Holbrook, as sureties. Subsequently, in November, 1893, by agreement an entry of neither party was made as between the plaintiffs and Henry E. Holbrook, and in December, 1893, judgment by default was obtained against W. C. Holbrook, which at the commencement of this action, on August 16, 1894, remained unsatisfied.

The case was submitted on briefs to all the judges.

*J. C. Sharkey*, for the plaintiffs.

*O. A. Marden*, for the defendants.

LATHROP, J. The liability of the defendants in this case depends upon the contract which they have made. The condition of the bond recites the attachment of the goods of Henry E. Holbrook in an action brought by the plaintiffs against Henry E. Holbrook and W. C. Holbrook, and the wish of Henry E. Holbrook to dissolve the attachment according to law, and binds him to pay within thirty days the final judgment " in the afore-

said action." If the judgment is paid the obligation is to be void, otherwise the principal and sureties on the bond are liable.

It seems to us impossible to say that this bond can be construed to mean a promise to pay only a judgment against Henry E. Holbrook. The case cannot be distinguished from *Campbell* v. *Brown*, 121 Mass. 516, which it resembles in every particular, except in the fact that in that case the property of both defendants was attached.

In *Eveleth* v. *Burnham*, 108 Mass. 374, the bond, in reciting the title of the action, only stated the name of the plaintiff and that of the defendant whose property was attached; and the promise to pay the amount recovered in such action was held to apply only to a judgment against this defendant.

The case of *Walker* v. *Dresser*, 110 Mass. 350, was decided on the grounds that the action, being against the maker and guarantor of a promissory note, required separate judgments, and that the bond referring to a "judgment" only, and not "judgments," meant a judgment against the obligor in the bond.

Since the St. of 1871, c. 114, (Pub. Sts. c. 161, § 129,) if the individual property of one defendant is attached in an action against several defendants, he may dissolve the attachment, "but the bond to dissolve such attachment shall be so conditioned as to apply only to a judgment recovered against such defendant alone or jointly."

If the sureties in the case at bar wished to escape liability for a judgment against either defendant, they should have seen to it that the bond was drawn under the Pub. Sts. c. 161, § 129. See *Leonard* v. *Speidel*, 104 Mass. 356, 360; *Poole* v. *Dyer*, 123 Mass. 363; *Dalton* v. *Barnard*, 150 Mass. 473, 475.

*Judgment for the plaintiffs.*