### TULANE UNIVERSITY OF LOUISIANA *vs.* JOHN O'CONNOR & others.

Suffolk.   January 15, 1906. — June 21, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Alteration of Instruments.   Guaranty.   Corporation.   Pleading, Civil,* Declaration.   *Practice, Civil,* Amendment.

If an unexecuted lease of real estate bearing upon it a guaranty of the performance of the covenants of the lease purporting to be under seal but with no seals affixed is executed by the guarantors and by the lessee, and thereafter one having no authority to do so affixes seals to the signatures of the guarantors and sends the lease to the lessor, who executes it with no knowledge of the alteration and delivers it to the lessee who occupies the premises under the lease, the lessor can sue the guarantors upon their contract of guaranty as if no seals had been placed opposite their names.

---

The provisions of St. 1903, c. 437, §§ 58, 60, requiring a foreign corporation doing business in this Commonwealth to appoint the commissioner of corporations its attorney on whom service can be made and to file a copy of its charter or articles of incorporation, apply only to business corporations and do not relate to an educational corporation organized under the laws of another State.

The facts that an educational corporation organized under the laws of another State owns a hotel which it leases to a tenant, that it has caused repairs to be made on the property, and, for some purpose which does not appear, has a representative in the liquor licenses issued to its lessee, do not make it a business corporation to which the provisions of St. 1903, c. 437, apply.

Under R. L. c. 173, § 3, a declaration in an action of contract against the guarantors of the performance of the covenants of a lease, who signed a guaranty providing that they should be severally and equally but not jointly liable, properly consists of different counts describing the different contracts entered into by the several defendants.

In an action upon a guaranty of the performance of the covenants of a lease, if the declaration is upon the guaranty as an instrument under seal and after the action is brought the fact is disclosed for the first time to the plaintiff that the defendants signed the guaranty without seals and that seals afterwards were affixed opposite their respective signatures by a stranger to the contract, the plaintiff may be allowed to amend his declaration by adding counts declaring upon the contract of guaranty as an unsealed instrument.

CONTRACT by the Tulane University of Louisiana, being the State university of Louisiana created and existing under certain statutes of that State, which under the residuary clause in the will of one Alexander C. Hutchinson, who died in December, 1902, had acquired the property known as the Hotel Plaza on Columbus Avenue in Boston, to recover rent due and unpaid under a lease to the defendant O'Connor, against that defendant as lessee, and against the other defendants as guarantors of the performance of the covenants of the lease. Writ in the Supreme Judicial Court dated July 12, 1904.

The case was tried before *Knowlton,* C. J. The course of the proceedings is described in the opinion, where also the material facts and the rulings made by the Chief Justice are stated.

The lease was dated October 29, 1903, and was for the term of one year from November 1, 1903, for the rent of $14,375, with an option to take a further lease for a term of four years at a rent of $15,000 per year.

The contract of guaranty was written upon the lease as follows:

" We the undersigned severally and equally but not jointly guarantee to the said Tulane University its successors and

assigns the full and true performance by the said John O'Connor lessee under the within instrument of all the covenants conditions and agreements therein contained on his part to be performed and will each be liable for one third the amount of his breaches and defaults.

" And we especially agree that if and when any instalment of rent shall be due and unpaid we will pay the same upon written demand by the lessor or its representatives without further notice.

" In witness whereof we have hereunto set our respective hands and seals this 29th day of October 1903.

" George D. Emerson<br>
B. J. Crowley                [seal]<br>
W. H. Rudd Son & Co.    [seal]<br>
Leopold Schlegelmilch "    [seal]

Here followed the following agreement :

" It is hereby agreed by and between the Tulane University lessor and John O'Connor lessee contemporaneously with the execution and delivery of the foregoing lease that if the lessee shall exercise the option in said lease contained to take the premises for a further term of four years then and in that event he shall be entitled to a lease for the said further term only upon condition that he shall procure three guarantors satisfactory to said lessor or its representatives that the covenants of the said lessee shall be faithfully performed during said further term in default whereof the lessor may lawfully refuse to grant said further term.

" Witness our hands and seals this 29th day of October 1903.

" John O'Connor                [seal]<br>
Chas. E. Fenner, Presdt." [corporate seal]

" Witnessed by
" Carl E. Ward as to O'Connor "

After the Chief Justice had refused to give the rulings requested by the defendants which are quoted or described in the opinion, the defendants stated that, under these rulings, there were no questions on which they desired to go to the jury. The jury returned separate verdicts against Schlegelmilch and

Rudd for $1,758.81 each, and against Emerson and Crowley, jointly, for $1,758.81.

The defendants alleged exceptions raising the questions which are dealt with in the opinion.

*H. V. Cunningham,* for the defendants.

*E. R. Thayer, (J. F. Curtis* with him,) for the plaintiff.

MORTON, J.    This is an action against the guarantors of a lease made by the plaintiff to one O'Connor of the Hotel Plaza in Boston to recover a month's rent.    O'Connor, the lessee, was a defendant, but before opening the case to the jury the plaintiff discontinued as to him, and also as to one other defendant.    There was a verdict for the plaintiff, and the case is here on exceptions by the remaining defendants to certain rulings made by the court at the close of the evidence and to the refusal of the court to give certain rulings requested by them.

The principal contention of the defendants is that after they had signed it, the guaranty was materially altered by placing seals against their respective signatures without their knowledge or consent.    There was evidence tending to show that the fact in regard to the seals was as alleged by them and that the seals· were probably placed there by one Hamlen, a real estate agent, who had charge of the property for the plaintiff, and who died before the trial.    The month and the day of the month, which were left blank in the date when the defendants signed, were filled in in his handwriting, and no objection thereto has been made by the defendants.    The testimonium clause called for seals, and Hamlen may well have supposed that he was to affix them as well as to insert the month and the day of the month. It was undisputed that the defendants signed the guaranty, and that it was delivered to O'Connor after they had signed it and before O'Connor had signed the lease and that O'Connor signed the lease afterwards and before it was sent to the plaintiff.    It was also undisputed that the lease and guaranty were sent by Hamlen to the plaintiff at New Orleans and that the lease was duly executed by representatives of the plaintiff on its behalf pursuant to a vote of the board of administrators of the Tulane educational fund which, it is not denied, was the proper body to act for and bind the plaintiff and that thereafterwards O'Connor entered and held under the lease.    When the lease

and guaranty were sent to the plaintiff they were in their present condition in all respects except that the lease had not been executed on behalf of the plaintiff. The defendants asked the court to rule on this branch of the case that, " The putting of the seal opposite the defendant's name without his knowledge or consent is a material alteration and voids the instrument altogether and the plaintiff cannot recover." The court declined to rule as thus requested, but ruled as follows : " There is no evidence that Hamlen was authorized to bind the plaintiff by a written lease, or to make any contract in writing for the occupation of the premises. If there were no seals opposite to the defendants' signatures when they signed the guaranty, and if Hamlen or some one in his office subsequently affixed seals there without authority and then forwarded the paper to the plaintiff, and the plaintiff examined and considered it for the purpose of determining whether to execute it, and delivered it to O'Connor without knowledge of the change made by Hamlen, and if O'Connor accepted it and held under it, the liability of the defendant in this action is the same as if no seals had ever been placed upon the guaranty."

1. We think that the ruling was right. It is not contended that there was any evidence that Hamlen was authorized to bind the plaintiff by a written lease, or to contract in writing for the occupation of the premises, or that the plaintiff had any knowledge that the seals had been affixed by him, if he did affix them, after the guaranty had been signed by the defendants. There was a good consideration for the guaranty as signed by the defendants and the addition of the seals must be regarded as the act of a stranger and therefore as not affecting the obligation created by the unsealed instrument or the right of the plaintiff to maintain an action upon it as such. See *Jeffrey* v. *Rosenfeld*, 179 Mass. 506. There is nothing to show that the plaintiff ratified Hamlen's act in putting on the seals or that it is estopped to rely upon the guaranty as it was before the seals were affixed. The ruling that was requested that the putting on of the seals rendered the guaranty void was therefore rightly refused.

2. The defendants contend in the next place that the action cannot be maintained because the plaintiff which is a foreign

corporation had filed no certificate or power of attorney with the commissioner of corporations as required by R. L. c. 126, § 4, or St. 1903, c. 437, §§ 58–60. But those provisions apply to business corporations and not to literary or charitable institutions like the plaintiff. This is evident from an examination of the statutes. The act which was in force when this action was brought was St. 1903, c. 437, R. L. c. 126, having been repealed by St. 1903, c. 437, § 95. The foreign corporations referred to in St. 1903, c. 437, §§ 58, 60, which are required to file with the commissioner of corporations the power of attorney and the certificate therein provided for are such as may be organized under laws other than those of this Commonwealth for the purposes for which domestic corporations may be organized under § 7. Domestic corporations may be organized under § 7 for any lawful purpose not excluded by § 1 except buying and selling real estate and manufacturing intoxicating liquors. And § 1 applies, with some exceptions not now material, to " corporations having a capital stock and established for the purpose of carrying on business for profit "; in other words to business corporations. The facts that the plaintiff has caused repairs to be made on the property and, for some reason that is not disclosed, had a representative in the liquor licenses that were issued for the hotel do not constitute it a business corporation within the meaning of the statute. The case of *Santa Clara Female Academy* v. *Sullivan*, 116 Ill. 375, 384, cited by the defendants, is in the plaintiff's favor as we read it.

3. Lastly, the defendants contend that they cannot be sued jointly and separate judgments entered against them, and that by bringing an action upon the guaranty as altered the plaintiff has ratified the alteration and cannot now maintain an action upon the guaranty as it was before altered. R. L. c. 173, § 3, expressly provides that " all . . . persons who are severally liable upon contracts in writing . . . may be joined in one action " and that the declaration may contain one count only describing the several contracts if the same contract was made by all or different counts describing the different contracts if the same contract was not made by all. In this case the guaranty was signed by all of the defendants and provided that they should be severally and equally but not jointly liable and

there were different counts describing the different contracts entered into by the defendants. The case is clearly within the statute. See also *Colt* v. *Learned*, 118 Mass. 380. The alleged alteration was not discovered by the plaintiff, it is said, till after the action had been brought and answers had been filed by the defendants setting it up, and at the close of the trial the plaintiff was permitted by the judge to amend its declaration by adding counts declaring upon the guaranty as an unsealed instrument. There is no ground for the contention that the plaintiff has lost any rights by election or ratification. It could not ratify what it did not know, and the defendants did not ask that it should be required to elect whether it would rely on the counts declaring on the guaranty as a sealed or an unsealed instrument, even if it could have been compelled to do so, but stated at the close of the evidence that they had no desire to go to the jury under the ruling made by the court, and verdicts were thereupon returned against the defendants Schlegelmilch and Rudd separately and Emerson and Crowley jointly, it being in substance agreed that they had intended to become jointly liable for one third of the rent though their separate signatures were affixed to the guaranty.

The result is that the exceptions must be overruled.

*So ordered.*