DOMINICK DeSANTIS *vs.* MASSACHUSETTS BONDING AND
INSURANCE COMPANY & others.

Suffolk.   November 16, 1934. — January 29, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Assignment. Evidence,* Competency, Relevancy and materiality. *Bond,*
To dissolve attachment. *Agency,* Scope of authority, Ratification.
*Attorney at Law.*

After the plaintiff in an action, for consideration, had assigned his claim
against the defendant, an amendment was allowed joining a second
defendant and describing the defendants as "trustees of" a certain
"voluntary trust." Both defendants had knowledge of the assign-
ment. An attachment of the defendants' property was made and the
defendants as trustees gave a surety bond to dissolve the attachment.
There was a verdict for the plaintiff. Thereafter the plaintiff, without
the knowledge or specific authority of the assignee, made a covenant
under seal not to enforce judgment against the second defendant per-
sonally, reserving his rights against the trust and the assets thereof.
Judgment was entered against the defendants as trustees and execu-
tion issued against them as such. In a subsequent action by the
plaintiff, "for the sole use and benefit of" the assignee, upon the
bond, the defendants admitted that the judgment and execution were
unsatisfied, and it was *held,* that
    (1) In the circumstances, the covenant made by the plaintiff did
not affect the rights of the assignee under the assignment, which
properly was admitted in evidence, nor constitute a defence to the
action;
    (2) The judgment and execution were admissible to show a breach
of the bond;
    (3) It was proper to exclude a question, asked of the assignee,
whether the plaintiff made the assignment "so that nobody could
attach" the claim; an affirmative answer to the question would not
have been admissible to show fraud on the part of the plaintiff because
the defendants were not his creditors, nor would it have been relevant,
in the form in which the question was asked, to show that there had
been no consideration for the assignment and that therefore the plain-
tiff was "both the legal and equitable holder of the claim"; further-
more, the question was objectionable in form in that it called for the
opinion of the witness as to the motive or intent of the plaintiff;
    (4) It appearing that both of the defendants in the original action
had knowledge of the assignment, evidence as to whether or not their
attorney had knowledge thereof was excluded properly;

(5) An attorney, who represented both the plaintiff and the assignee in the original action and who participated in the preparation and delivery of the covenant by the plaintiff, had no implied authority as attorney to bind the assignee by the covenant;

(6) Testimony by the assignee, that he had told that attorney to "go ahead and do everything" as "the lawyer" in the original action, did not warrant a finding that the assignee had given the attorney specific authority to bind him by the covenant;

(7) Testimony by the assignee, that he was satisfied with what the attorney did in the original action, did not warrant a finding that he ratified the acts of the attorney with respect to the covenant;

(8) The plaintiff was entitled as a matter of law to recover on the bond.

CONTRACT. Writ dated June 29, 1932, and afterwards amended.

The action was tried in the Superior Court before *Goldberg*, J. Material evidence, and special questions submitted to the jury, are described in the opinion. Following the answering of the questions, the judge ordered a verdict for the plaintiff and directed the jury to assess damages in the sum of $2,002.69. All parties alleged exceptions.

*F. I. Rose*, (*F. A. Kelley* with him,) for the plaintiff.

*J. Friedberg, pro se.*

*N. Efron*, for the defendant Dane, & *J. W. Flood*, for the defendant Massachusetts Bonding and Insurance Company, submitted a brief.

PIERCE, J. This is an action brought by Dominick DeSantis, "for the sole use and benefit of Ernest Bucci," to recover upon an attachment bond signed by Jacob Friedberg and Leo Dane "as they are trustees of the Codman Park Trust," as principals, and by the Massachusetts Bonding and Insurance Company, as surety. The case was tried to a jury and there was a verdict for the plaintiff. At the trial exceptions were saved by the plaintiff and by the defendants. There are two bills of exceptions before this court, one in behalf of the defendants jointly and one in behalf of the plaintiff, "the latter to be disregarded if the defendants' exceptions are overruled."

The pertinent facts leading up to the present action are as follows: By a writ returnable to the Superior Court in May, 1928, DeSantis sued Friedberg individually in an action

for labor performed and materials furnished at Friedberg's request. A verdict for the plaintiff in this action was returned by the jury on April 28, 1930. While the verdict was outstanding DeSantis assigned to Ernest Bucci his right to any money due him from Friedberg and also his interest in "a suit at law now pending in which I am the plaintiff and the said Jacob Friedberg is the defendant, together with all proceeds which may be derived therefrom . . . subjects however, to an agreement made by me with Attorney, Frank I. Rose and Louis Jablon for the payment of their fees out of the proceeds of said claim and law suit, and subject to their right under said agreement to continue to prosecute said lawsuit to final determination." This assignment was prepared by said Rose and notice thereof in writing was given to Friedberg and his attorney, John C. Johnston. The verdict in this action was set aside, and on October 16, 1930, DeSantis was allowed by the court to amend his writ and declaration by substituting as defendants "Jacob Friedberg and Leo Dane, as they are trustees of the Codman Park Trust, a voluntary trust." Thereafter process issued and Dane came in as a defendant and was represented by said Johnston, who also represented Friedberg in this action. After the amendment, process issued attaching the real estate of Friedberg and Dane as trustees of the Codman Park Trust. The bond in suit was given to dissolve the attachment. The bond names the defendants Friedberg and Dane as principals, describing them as they are described in the prior action, and the bond is conditioned upon their payment of the judgment obtained in that action. It is noted in the defendants' bill of exceptions that at the time of the assignment to Bucci the prior action (No. 208445) was the only action pending in the Superior Court of Suffolk County in which DeSantis was a plaintiff and Friedberg was a defendant. On October 7, 1931, there was a verdict for the plaintiff in the prior action, and the defendants' bill of exceptions was dismissed because it was not seasonably presented for allowance. The defendants then filed motions that the case be reported. As a result DeSantis signed an instrument under seal, wherein he covenanted not to enforce

the judgment in the action against Dane personally but reserved his "full and complete rights to enforce said judgment against the Codman Park Trust and the assets thereof." The defendants then waived their motions to report the case. It is to be noted that the instrument is not in form a technical release.   Judgment was then rendered and execution issued against Jacob Friedberg and Leo Dane "as they are trustees of the Codman Park Trust."

The declaration in the present action was filed August 1, 1932, by DeSantis as plaintiff.  On May 12, 1933, the writ was amended by leave of court by adding after the name of DeSantis the words "who brings this action for the sole use and benefit of Ernest Bucci."   During the course of the trial the defendants excepted to the admission and exclusion of evidence, and to the submission to the jury of special questions relating to the consideration paid by Bucci for the assignment and to the knowledge of the assignment by Dane and Mr. Johnston prior to the execution of the alleged so called release.   Exceptions were also taken to the denial of the defendants' motions for directed verdicts and to the entering of a verdict for the plaintiff after the return of the special jury verdict.   The plaintiff excepted to the exclusion of evidence tending to show that the defendants had agreed not to use the "release" to bar the enforcement of the judgment as against the defendants in their capacity as trustees but only to use it to bar enforcement against personal assets of Dane.

Subject to the defendants' exception, the judge submitted to the jury the three questions which follow:  "1. Did Bucci pay any consideration to DeSantis for the execution and delivery of the instrument [printed in the record] marked Exhibit 4?  2. Did Leo Dane, one of the defendants in this action know at any time prior to May 12, 1932 [date of the 'release'], that DeSantis had executed and delivered to Bucci an assignment of his claim against Friedberg?  3. Did John C. Johnston, who became attorney for Leo Dane in the action No. 208445, and before May 12, 1932, know that DeSantis had executed and delivered to

Bucci an assignment of his claim against Friedberg?" The jury answered each of the questions "Yes."

By the assignment it is apparent that DeSantis divested himself in equity of his claim against Friedberg and of his rights in the then pending action. The amendment of the cause of action by adding Dane and by describing Friedberg and Dane as "trustees of the Codman Park Trust" did not change the essential nature of the cause of action, but the allowance of the motion was conclusive evidence of the identity of the action in the amended form with the action in the original form which is described in the assignment. G. L. (Ter. Ed.) c. 231, § 138. *Shapiro* v. *McCarthy*, 279 Mass. 425, 428. *Ames* v. *Beal*, 284 Mass. 56, 61, 62. It was not necessary to the complete setting forth of the present cause of action that Bucci should have been named as plaintiff. *Becker* v. *Eastern Massachusetts Street Railway*, 279 Mass. 435, 442. There was evidence that notice of the assignment was given to Friedberg and to his attorney, Mr. Johnston, and the jury found in answer to the question submitted to them that prior to May 12, 1932, the date of the "release," the other defendant, Dane, also had knowledge of the assignment. The close connection of Dane with Friedberg and Mr. Johnston and with the litigation was ample to warrant the jury's conclusion. In these circumstances the "release" signed by DeSantis could not affect the rights which Bucci had obtained by virtue of the assignment. *Jones* v. *Witter*, 13 Mass. 304, 306. *St. Johns* v. *Charles*, 105 Mass. 262, 263. *Friedberg* v. *Jablon*, 287 Mass. 510, 513.

The defendants' exception to the admission of evidence of the assignment is overruled. The assignment was admissible to prove the inadmissibility of the "release" as a defence in the present action, and the defendants' motions for directed verdicts based on the alleged "release" were denied rightly.

The defendant Friedberg excepted to the admission in evidence of the execution. The contention made in support of this exception was that the bond declared on was a

bond of the trust, whereas the execution is against the defendants as individuals. The record discloses that the execution, as well as the judgment, described the defendants as Jacob Friedberg and Leo Dane "as they are trustees of the Codman Park Trust." The principals named in the bond are described in the same terms, and the bond is conditioned upon their paying the judgment recovered in the action in which the judgment was rendered. The obligors were, therefore, bound to pay any judgment in that action not exceeding the penal sum of the bond. *Campbell* v. *Brown*, 121 Mass. 516, 519. The judgment and execution, admitted by the defendants to be unsatisfied, were admissible to show a breach of the bond.

The defendants' next exception is to the exclusion of the question asked Bucci in cross-examination: "Did DeSantis assign the claim to you so that nobody could attach it?" If the purpose of the question was to show fraud on DeSantis's creditors, it was properly excluded because the defendants were not creditors, nor did they represent creditors. *O'Gasapian* v. *Danielson*, 284 Mass. 27, 34, 35. The present contention of the defendants is that an affirmative answer would have "constituted DeSantis both the legal and equitable holder of the claim." An affirmative answer to the question in this form would have had little, if any, relevancy to prove that the assignment was without consideration, even though the motive of DeSantis was fraudulent as to his creditors. The question was also objectionable in form in that it called for the opinion of the witness as to the motive or intent of DeSantis. It is plain that the question was excluded rightly in either aspect. *P. P. Emory Manuf. Co.* v. *Rood*, 182 Mass. 166, 168.

The defendants' next exception is to the exclusion of a question asked Mr. Johnston, former attorney of Friedberg and Dane. This question was as follows: "From the date that you received this letter in June, 1930, when was the next time you had brought to your attention the existence of Bucci or the existence of the Bucci assignment?" The defendants made the following offer of proof: "My offer of proof is that Mr. Johnston — that it didn't come into his

mind until we had the hearing before Judge Weed, he forgot about it and all the rest of us forgot about it." This evidence, if admitted, is contended by the defendants to be relevant to prevent Mr. Johnston's knowledge of the assignment being imputed to Dane. Regardless of the knowledge of Mr. Johnston, the jury found that Dane had actual knowledge of the assignment; therefore the exclusion of the question could in no way have been prejudicial to the defendant Dane.

The final exception argued by the defendants is the exception to the submission to the jury of the three questions already quoted. The defendants contend that there were four outstanding features of the case that were not submitted to the jury upon which the defendants were entitled to have the jury pass: (1) "Whether DeSantis had authority from Bucci to execute the release"; (2) "Whether Mr. Rose had authority to make the agreement for the obtaining of judgment for the giving of the release"; (3) "Whether Bucci had ratified the acts of DeSantis and Mr. Rose"; and (4) "The extent of the interest in the judgment that Mr. Rose and Mr. Jablon had." Respecting (1), there is no evidence in the record from which the jury could have found an authorization from Bucci to DeSantis to execute the "release." Respecting (2) and (3), it is settled law that while an attorney, by virtue of his employment, has broad powers with reference to the prosecution and management of actions and suits, those powers do not extend to matters affecting the cause of action. *Precious* v. *O'Rourke*, 270 Mass. 305, 308, and cases cited. Mr. Rose had no implied authority to give a "release" on behalf of Bucci. There is testimony of Bucci, on cross-examination by the defendants, to the effect that he had asked his attorney no questions with reference to any paper prepared by Mr. Rose and that he told Mr. Rose to go ahead and take care of the case, stating: "I am not a lawyer. . . . You are the lawyer to go ahead and do everything." This evidence elicited in cross-examination was not sufficient to warrant a finding of specific authority from Bucci to Mr. Rose. It showed a general authority in Mr. Rose to prosecute the action and tended to show, as Bucci

testified in redirect examination, that Bucci had no knowledge of the so called release. The testimony of Bucci that he was satisfied with what Mr. Rose did in the case was not sufficient evidence from which the jury warrantably could have found a ratification by Bucci of the acts of Mr. Rose in drawing the "release." *Tulane University* v. *O'Connor*, 192 Mass. 428, 434. *Eastern Advertising Co.* v. *Standard Nut Co. Inc.* 264 Mass. 238, 242. The defendants' exception must be overruled. There was no other issue for the jury.

The remaining exceptions, which are to the refusal of certain requests by the defendants for rulings, while referred to, are not specifically argued in the brief of the defendants, and they are, therefore, not entitled to have them treated separately by this court. *Barnes* v. *Springfield*, 268 Mass. 497, 504. The defendants are not prejudiced thereby because in the main the requests have been considered in connection with other exceptions argued by them.

The defendants' exceptions are overruled and the plaintiff's exceptions are treated as waived.

> *Defendants' exceptions overruled.*
> *Plaintiff's exceptions waived.*