BURNS BROS. *vs.* SYLVIA BLOCK.

Suffolk.     October 9, 1935. — October 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Bond,* To dissolve attachment.

A bond filed by one of several defendants in an action to dissolve an attachment of his individual property covers a judgment recovered by the plaintiff against any defendant unless so conditioned as to be limited to a judgment against the obligor, as provided by G. L. (Ter. Ed.) c. 223, § 129.

CONTRACT. Writ in the Municipal Court of the City of Boston dated November 29, 1933.

The action was heard in the Municipal Court by *Devlin,* J., who found for the defendant. Upon report to the Appellate Division, the finding was ordered vacated, and judgment and execution in favor of the plaintiff were ordered. The defendant appealed.

The case was submitted on briefs.

*M. Tobey & A. A. Tepper,* for the defendant.
*B. Goldman & H. Krinsky,* for the plaintiff.

PIERCE, J.    This is an action of contract, begun by writ dated November 29, 1933, in the Municipal Court of the City of Boston, heard there upon an agreed statement of facts and thereafter reported to the Appellate Division of that court.

These facts disclose that by a trustee writ dated May 17, 1933, the plaintiff brought an action of contract in said

Municipal Court against "Thomas Levine and Julius Rosen, individually, and as they are Trustees of Rosline Investment Trust under a declaration of trust duly recorded with Suffolk Deeds, and James Albert and Julius Rosen as they are Trustees of Rosline Investment Trust, all of Boston, the First National Bank of Boston and the United States Trust Company being named as Trustees." The *ad damnum* of said writ was $300 and the writ was entered on its return day and was numbered 325063. In case No. 325063 each trustee summoned answered that it had $300 in the name of Rosline Investment Trust. The declaration in case No. 325063, omitting caption and statement of account annexed, reads: "And the plaintiff says that the defendants owe it the sum of $287.59 for merchandise sold and delivered, according to the account hereto annexed marked 'A', together with interest from December 1, 1930 due date when demand for payment was made." Answers were filed (1) by "James Albert and Julius Rosen, Trustees of Rosline Investment Trust," (2) by "Thomas Levine and Julius Rosen as they are Trustees of Rosline Investment Trust," and (3) by "Thomas Levine and Julius Rosen, Individually." On July 14, 1933, the defendant in the pending action signed, sealed and delivered an attachment bond in case No. 325063 and said bond was filed in said case on July 17, 1933. On October 6, 1933, by virtue of a written agreement judgment was entered in case No. 325063 "in favor of the plaintiff against the said Thomas Levine and Julius Rosen in the sum of $277.59, and judgment at said time was also entered against the plaintiff in favor of Julius Rosen and Thomas Levine as they are Trustees of Rosline Investment Trust, and in favor of said James Albert and Julius Rosen as they are Trustees of Rosline Investment Trust," and "on October 9, 1933 execution issued in said case in favor of the plaintiff against the said Thomas Levine and Julius Rosen, in the sum of $277.59, damages and costs of suit taxed at $13.70; . . . no part of said execution has been satisfied."

The declaration in the action now pending alleges, in substance, that on July 14, 1933, a bond to dissolve the

attachment in action No. 325063 was signed, sealed and delivered to the plaintiff in said action No. 325063 by James Albert and Julius Rosen, trustees of the Rosline Investment Trust, as principals, and Jennie Pelet and Sylvia Block as sureties.  The bond, a copy of which is annexed to the declaration, recites that "The condition of this obligation is such that whereas the said Burns Bros. has caused the goods and estate of the said James Albert and Julius Rosen, Trustees as aforesaid to the value of three hundred (300) dollars to be attached on mesne process by virtue of a writ in favor of the said Burns Bros. against the said James Albert and Julius Rosen, Trustees as aforesaid and First National Bank of Boston and United States Trust Company, alleged trustees, bearing date the 17th day of May A. D. 1933, and returnable to the Municipal Court for the County of Suffolk in the Commonwealth of Massachusetts, on the 27th day of May A. D. 1933, and whereas the said James Albert and Julius Rosen, Trustees as aforesaid desire to dissolve said attachment according to law.  Now therefore, if the said James Albert and Julius Rosen shall within thirty days after the final judgment in the aforesaid action, pay to the plaintiff therein the amount, if any, which it shall recover in such action, and shall also, within thirty days after the entry of any special judgment, which may be entered in said action against them individually or jointly with any other defendant in accordance with Section twenty-five of Chapter two hundred and thirty-five of the General Laws of the Commonwealth of Massachusetts, pay to said plaintiff the sum, if any, for which such special judgment shall be entered, then this obligation shall be void, otherwise it shall be and remain in full force and virtue."

At the close of the evidence in the case at bar the plaintiff, before argument, submitted the following requests for rulings: (1) "Upon all the evidence the plaintiff is entitled to recover"; (2) "As a matter of law the defendant is bound to this plaintiff under the bond"; (3) "Upon all the evidence the defendant became obligated to this plaintiff under the bond when this plaintiff recovered judgment against Thomas Levine and Julius Rosen in the case of

Burns Bros. *v.* James Albert and Julius Rosen, Trustees et als in the Municipal Court of the City of Boston, case #325063"; (4) "Upon all the evidence the bond should be interpreted most strongly against the defendant"; and (5) "Upon all the evidence the plaintiff is entitled to recover the sum of $291.29 together with interest thereon at 6% from November 6, 1933." The judge denied requests numbered 1, 2, 3 and 5, gave request 4, and found for the defendant. The case then came before the Appellate Division, with the result that the Appellate Division ruled that the Municipal Court erred in so finding and ruling, vacated the finding for the defendant, and ordered judgment for the plaintiff in the penal sum of the bond, execution to issue for the sum of $291.29 and interest up to the *ad damnum* of the writ, with costs.

The Appellate Division was right. The facts posited are undisputed and therefore present questions of law. The case now before us is similar to and governed by *Patch* v. *Robbins*, 261 Mass. 496, where at page 501 it is said: "The terms of the bond do not expressly require that the final judgment shall be a judgment against all the defendants in the original action, nor can such a construction be inferred. The judgment required to be obtained is a final judgment 'in such action.'" The defendant relies on *Eveleth* v. *Burnham*, 108 Mass. 374, and refers to *Prior* v. *Pye*, 164 Mass. 316, and *Walker* v. *Dresser*, 110 Mass. 350, as supporting that case. It is only necessary to direct attention to St. 1871, c. 114 (now G. L. [Ter. Ed.] c. 223, § 129) to perceive that *Eveleth* v. *Burnham*, 108 Mass. 374, and other cases arising before St. 1871, c. 114, are distinguishable from cases arising since St. 1871, c. 114, in that thereafter if the sureties wished to escape liability for a judgment against any party to the action they should have seen to it that the bond was drawn under what is now G. L. (Ter. Ed.) c. 223, § 129; that is to say, if the surety desired to escape liability for a judgment against Thomas Levine and Julius Rosen, individuals, she should have given a bond limited to a judgment against the other defendants. The bond in action manifestly was not so limited. *Mass.*

*Building Finish Co. Inc.* v. *Brenner*, 288 Mass. 481, 486–487. *De Santis* v. *Massachusetts Bonding & Ins. Co.* 289 Mass. 315, 320.

The order of the Appellate Division, "Finding for defendant vacated; judgment for the plaintiff in the penal sum of the bond, execution to issue in the sum of $291.29 and interest up to the ad damnum of the writ, with costs," is

*Affirmed.*