*Municipal Court of the City of Boston*
No. 87922
**SANDS, TAYLOR & WOOD COMPANY**
v.
**THE AMERICAN INSURANCE COMPANY**
(May 1—December 14, 1064)

*Present*: Gillen, J. (Presiding), Lewiton & Canavan, JJ.

Case tried to *Adlow, C. J.*

*Canavan, J.* This is an action of contract to recover the proceeds of a bond to cover an amount of an execution, begun by writ dated March 5, 1963, in this court and heard upon an agreed statement of facts.

The facts disclosed that the plaintiff commenced suit in the District Court of Southern Essex against Richard D. Bowman and Bowman's Bakery, Inc., and on September 14, 1962 recovered judgment *against both defendants* by default, and execution issued on September 19, 1962.

On October 8, 1962, Richard D. Bowman, one of the defendants in the original action, filed a petition to vacate the earlier judgment *against him* in the District Court of

Southern Essex. After a hearing on said petition, and after the posting of the bond now in question, the petition was allowed and judgment was vacated as to Richard D. Bowman.

A subsequent trial on the merits in the suit against Richard D. Bowman resulted in a judgment in his favor.

On December 29, 1962 an execution issued against Bowman's Bakery, Inc., one of the defendants in the original action. This execution is in the amount of $937.72 and $11.91, costs of suit, making a total of $949.63. This judgment and execution remain unpaid. The plaintiff now seeks to charge the defendant on its bond for payment of said execution. The condition of the bond is as follows:

> "that Whereas at the District Court of Southern Essex on the 14th day of Setpember, 1962, the said Sands, Taylor & Wood, Inc. recovered judgment against said Obligor for the sum of Nine Hundred Thirty-seven and 72/100th ($937.72) Dollars, and costs of Eleven and 91/100th ($11.91) Dollars, and Whereas the said obligor has entered in said court a petition praying that said judgment may be vacated and levy of execution stayed and the action brought forth.
>
> "NOW, THEREFORE, if the said Richard D. Bowman shall within thirty (30) days after final judgment in aforesaid action pay to Sands, Taylor & Wood, Inc. the amount if any which they shall recover plus costs (not to exceed the penal amount of this bond), then this obligation shall be void, otherwise to remain in full force."

The plaintiff by leave of court submitted the following requests for rulings and the court disposed of them as follows:

(1) On all the evidence a finding for the plaintiff is warranted. *Court: No.*

(2) On all the evidence a finding for the defendant is not warranted. *Court: No.*

(3) A bond filed by one of several defendants in an action to vacate judgment as against him covers a judgment recovery by the plaintiff against any defendant, unless so conditioned as to be limited to a judgment against the obligor. *Burns Bros. v. Block,* 292 Mass. 347. *Court: Granted. This bond only refers to Richard Bowman.* See G. L. c. 223, §129.

(4) The defendant is liable on its bond because the plaintiff recovered "final judgment" in aforesaid action against Bowman's Bakery, Inc. *Court: No.*

The court found for the defendant the American Insurance Company.

The plaintiff claiming to be aggrieved by the denial of requests for rulings numbered 1, 2, 3 and 4, and by the judge's finding, the matters were reported to the Appellate Division for determination.

There was no error.

On September 14, 1962, judgment was entered in favor of the plaintiff against Bowman's Bakery, Inc., and Richard D. Bowman, for $937.72 plus $11.91 costs.

On October 8, 1962 Richard D. Bowman filed a petition to vacate judgment against

him in the original action, and on November 29, 1962 he filed the bond here sued upon.

At no time did the defendant Bowman's Bakery, Inc., make any effort to cause the judgment entered against it in the original action to be vacated.

The filing of the bond was in accordance with the provisions of G. L. c. 250, §17, and was a prerequisite to the court's granting the petition to vacate judgment. *Davis v. National L. Ins. Co.,* 187 Mass. 468.

G. L. c. 250, §17 provides among other things that the obligor "shall satisfy the execution that shall issue in favor of the obligee on any judgment thereafter rendered in said action." In the instant case no judgment was thereafter rendered in favor of the obligee.

The bond is obviously a conditional obligation. Consequently it is clear that the bond cannot be so construed as to impose an absolute liability to the obligee on a judgment already recovered against another defendant more than thirty days prior to the execution of the bond in question. Since this bond was executed and filed more than thirty days after final judgment against Bowman's Bakery, Inc., it is clear that the condition in the bond for payment within thirty days after judgment cannot be held to have referred to the judgment against Bowman's Bakery, Inc.

The purpose of the bond was that it should be security for the liability of Richard D.

Bowman and by its terms the defendant is liable only for the amount of the judgment, if any, against Richard D. Bowman.

The plaintiff relies on the cases of *Burns Bros. v. Block,* 292 Mass. 347, and *Patch v. Robbins,* 261 Mass. 496, to support his position. These cases are distinguishable on their facts from the present case. *Report dismissed.*

Francis E. Sullivan and John T. Bowes, both of Boston, for the Defendant contended and cited the following:

Under proper circumstances a judgment may be merely opened to permit a defense, leaving the judgment to stand as security, or it may be vacated entirely, or under some circumstances, merely in part. Freeman on Judgments, 587, 588 and 589, §297; *A court having power to vacate a judgment entirely may grant less relief by vacating it in part only, where justice so requires.*

A judgment against several persons may be set aside as to one or more of them, and allowed to stand as to others, except where a judgment is entire and indivisible. 49 CJS 555, §302; *Chmielewski v. Marich,* 119 N.E. (2nd) 247. The promise to pay the amount recovered in such action may be limited to only a judgment against one defendant. *Eveleth v. Burnham,* 108 Mass. 375; *Walker v. Dresser,* 110 Mass. 350; *Patch v. Robbins,* 261 Mass. 496.